The People of Puerto Rico, Plaintiff and Appellee, *v.* Reinaldo Ruiz González, Defendant and Appellant.

No. 11309. Argued May 7, 1946.—Decided May 28, 1946.

---

[3] *People* v. *Beltrán, supra.*

[4] *People* v. *Ramos,* 22 P.R.R. 638; *People* v. *Aguilar,* 19 P.R.R. 1119; *People* v. *Zambrana,* 18 P.R.R. 732.

*José Rafael Gelpí* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The appellant was convicted of robbery. He appeals from the judgment whereby he was sentenced to a term of two years and six months in the penitentiary, and he assigns as an only error the action of the trial court in denying his plea of former jeopardy, entered at the time the case was called for trial on July 12, 1945.

That plea reads as follows:

"The defendant pleads that he has already been brought to trial and convicted of the crime charged against him, as was held by this District Court of Aguadilla on April 9, 1945, while the same was presided by Hon. Domingo Massari, Acting Judge."

According to the transcript of the evidence the incident occurred thus:

The clerk of the Distirct Court testified that on April 9, 1945, the case was called for trial before Judge Massari, the defendant was arraigned, and he entered a plea of not guilty. The district attorney introduced in evidence a written confession of the accused without any objection on the part of the defense. The accused thereupon withdrew his plea of not guilty and entered a plea of guilty of the crime

of robbery charged against him in the information. The court adjudged him guilty and set the following day for pronouncing sentence. From the minutes the following appears:

"On this day, April 10, 1945, set for pronouncing sentence in this cause, Hon. Domingo Massari, Acting Judge, upon learning that the plea of guilty entered by the accused yesterday was due to the belief on his part that a minimum penalty would be imposed upon him, for the reasons set forth in the order attached to the record, permits the accused to withdraw his aforesaid plea, the case to remain pending trial, and the judge refrains from sitting in this case, and sets it for trial on April 24, 1945."

Attorney Gelpí, counsel for the defendant, after corroborating the testimony of the clerk testified that, upon the case being called, he stated to the judge that there was no legal obstacle to imposing a penalty on the defendant and that the latter was ready for the pronouncement of the sentence. That the judge asked him whether the defendant had in mind the imposition of a minimum penalty, and that he answered that he could not know what the defendant had in mind. That the judge asked him to make a motion in the sense of setting aside everything that had been done on the previous day and he refused that request; that upon the witness being ordered by the judge to make a motion in that sense, he advised the judge that he could not comply with the order; and that the judge thereupon made an order setting aside the proceedings had on the previous day. That statements were made in open court and before Judge Massari to the effect that the defendant in pleading guilty was under the impression that a minimum penalty would be imposed upon him, and that the judge emphatically denied that he had made any promise regarding any penalty to the defendant.

The attorney for the defendant then stated that "after examining the evidence in this case this attorney, on behalf of the defendant, waives the question of former jeopardy . . ., as he thinks that it is to the interest of the defendant not to

raise that question, which may be affected by nullity''; and asked leave to withdraw said defense. The court denied such leave and proceeded to hear the testimony of Agustín Hernández, court stenographer, who, reading from the notes taken by him during the proceedings had on April 10, 1945, reported, in brief, as follows: The judge addressing the defendant said: ''the Court wishes to know whether or not you really ratify your plea of guilty in this case,'' to which the defendant answered: ''Yes, sir, provided there is some consideration.'' The court then stated that an accused can not impose conditions on the court, and that when an accused pleads guilty he assumes all the consequences of the penalty that may be imposed upon him; and he again asked the defendant whether, after hearing the statement of the court, he ratified his plea of guilty, and the defendant answered in the affirmative. The judge thereupon asked ''whether there is any obstacle which would preclude the pronouncement of sentence in this case.'' The attorney for the defendant answered that his client had stated to him that an obstacle existed and ''that he is not willing to have the sentence pronounced in this case unless the minimum penalty is imposed upon him.'' The court refused to accept the conditions imposed by the accused and granted him leave to withdraw his plea of guilty and thus protect his rights, and it added: ''What the Court wishes to make clear is that if the accused has erroneously entertained the belief that a certain penalty was to be imposed upon him, and thinking that such a penalty which he has in mind was to be imposed upon him, he pleaded guilty, the court desires to give him the opportunity to withdraw such plea so as to be free to enter whatever plea he may deem advisable.'' The discussion between the attorney and the judge continued until the latter terminated it by deciding that the court could not accept the plea of guilty of the accused, inasmuch as it was not a free, spontaneous, and voluntary declaration. The court refrained from pro-

nouncing sentence and set the case "for continuing the trial thereof." setting aside all the proceedings had, including the admission by the defendant of his own confession.

The lower court did not err in dismissing the defense of former jeopardy. The decision of Judge Massari setting aside the plea of guilty and the conviction of the defendant was in effect a declaration of nullity of all the proceedings had and the granting of a new trial. The substantial rights of the defendant were not affected in any way and remained duly protected. The case of *People* v. *Cruz*, 54 P.R.R. 39, on which the appellant relies, has no application to the facts herein. There, after the trial had commenced and the first witness for the prosecution had been examined, the court on its own motion and over the objection of the defendant, continued the trial and set the case for hearing on a subsequent date, when the trial again started. The situation in the case at bar, which was created by defendant's own conduct, is distinct. There was no double jeopardy.

The judgment appealed from is warranted by the evidence and it should be affirmed.